TERRITORY, respondent, *v.* TUNNELL, appellant.

MISDIRECTION TO JURY.— Where the judge, in his charge and instruction to the jury, stated that the defendant admitted the shooting and killing of deceased as charged in the indictment, while the record showed the admission to have been that "the shot he fired killed Jones at the time and place alleged in the indictment," it was such a variance as to mislead a jury, to the prejudice of the accused, and is ground to set aside the verdict.

The principal question raised on appeal in this case is essentially the same as in the case of *The Territory* v. *Edmonson,* decided at this term. See *ante,* p. 141.

*Appeal from First District, Jefferson County.*

———— ——, for appellant.

———— ——, for respondent.

GALBRAITH, J.   The principal question in this case is essentially the same as that presented in the case of *The Territory* v. *Edmonson,* decided at this term.

We might also notice an additional error assigned by the appellant, viz., that the judge, in charging the jury, incorrectly stated in his instructions that the defendant admitted the shooting and killing of the deceased, *as charged in the indictment,* when, as the record shows, the defendant's admission was that "the shot he fired killed Jones, *at the time and place alleged in the indictment.*" This statement was evidently misleading in its character, and prejudicial to the defendant.

For this reason, and also for the reason assigned in the case of *Territory* v. *Edmonson,* above mentioned, we are of the opinion that the judgment in this case should be reversed.

It is therefore ordered that the judgment herein appealed from be reversed, and the case remanded for a new trial.

*Judgment reversed.*